# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00374-CV

**Barry Dwayne Minnfee, Appellant**

**v.**

**Randall C. Simms, District Attorney; and Don Clemmer, Deputy Attorney General, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT NO. D-1-GN-07-001256, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Barry Dwayne Minnfee, an inmate incarcerated in the Texas Department of Criminal Justice, appeals *pro se* from a court order dismissing his petition as frivolous and declaring him a vexatious litigant. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 11.054, .101-02, 14.003(a)(2) (West 2002). We affirm the trial court's order.

## BACKGROUND

Appellant alleges he was wrongfully convicted of sexual assault in April 1991. Insofar as this Court can discern, in his underlying lawsuit, appellant appears to request post-conviction DNA testing on evidence obtained in the State's investigation of the sexual assault offense to which petitioner pleaded guilty. The defendants, Randall C. Simms, District Attorney

for the 47th District, and Don Clemmer, Deputy Attorney General for Criminal Justice, moved to dismiss appellant's lawsuit and to declare him a vexatious litigant.

We construe appellant's notice of appeal to complain that the trial court erred when it declared him a vexatious litigant and dismissed his lawsuit. The trial court found that (i) appellant's lawsuit has no arguable basis in fact or law and is frivolous, *see* Tex. Civ. Prac. & Rem. Code Ann. § 13.001(a)(2), (b)(2) (West 2002); (ii) in the seven years preceding the filing of the defendant's motion to dismiss, appellant prosecuted *in propria persona* at least five litigations finally determined adversely to him and determined to be groundless, *see id.* § 11.054(1); (iii) there is not a reasonable probability that appellant will prevail in the present litigation, *see id.*; and (iv) appellant is a vexatious litigant, *see id.* §§ 11.054, .101. The trial court further ordered that appellant be prohibited from filing any new litigation in any Texas court without obtaining permission from the local administrative judge of the court as provided in section 11.102 of the Texas Civil Practice & Remedies Code. *See id.* § 11.102.

## DISCUSSION

Appellant appears to argue on appeal that the trial court wrongfully dismissed his suit requesting DNA testing and wrongfully declared him a vexatious litigant.

### *Standard of Review*

We review the trial court's dismissal of appellant's suit as frivolous and its determination that appellant was a vexatious litigant under an abuse of discretion standard. *See Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex. App.—Houston [1st Dist.] 1998, no pet.)

2

(dismissal as frivolous); *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ) (same); *see also Willms v. Americas Tire Co.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied) (vexatious litigant); *Forist v. Vanguard Underwriters Ins., Co.*, 141 S.W.3d 668, 670 (Tex. App.—San Antonio 2004, no pet.) (same). On an abuse of discretion challenge, we are not free to substitute our own judgment for the trial court's judgment. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002). We can only find an abuse of discretion if the trial court "acts in an arbitrary or capricious manner without reference to any guiding rules or principles." *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). The court's decision must be "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *BMC Software Belg. N.V. v. Marchand*, 83 S.W.3d 789, 801 (Tex. 2002). Applying these principles, we must determine whether the trial court's dismissal of appellant's suit or application of the vexatious litigant statute constitutes an abuse of discretion.

### Dismissal of Appellant's Suit

Article 64.01 of the Texas Code of Criminal Procedure authorizes motions for forensic DNA testing "only of evidence . . . that was secured in relation to the offense that is the basis of the challenged conviction and was in the possession of the state during the trial of the offense." Tex. Code Crim. Proc. Ann. art. 64.01(b) (West Supp. 2007). The motion must be accompanied by an affidavit by the convicted person containing statements of fact in support of the motion. *Id.* art. 64.01(a). The statute allows a convicted person to apply to the state convicting court for relief if three requirements are satisfied: (1) the evidence still exists and is in a condition making DNA testing possible; (2) the evidence has been subjected to a chain of custody sufficient to

3

establish that it has not been substituted, tampered with, replaced, or altered in any material respect; and (3) identity was or is an issue in the case. *Id*. art. 64.03(a)(1)(A), (B) (West Supp. 2007). In addition, the convicted person must also establish by a preponderance of the evidence that: (1) he would not have been convicted if exculpatory results had been obtained through DNA testing; and (2) the request for the proposed DNA testing is not made to unreasonably delay the execution of the sentence or administration of justice. *Id*. art. 64.03(a)(2)(A), (B). The district court must order post-conviction DNA testing only when the convicted person satisfies the burden under subsection (a)(2) and the court finds the requirements listed in subsection (a)(1) have been satisfied. *Id*. 64.03(c). The court is not required to grant a defendant's request for post-conviction forensic DNA testing absent a showing that reasonable probability exists that may prove the defendant's innocence through exculpatory results. *Id*. art. 64.03(a)(2)(A).

Appellant has not argued in the pleadings before this Court that he can meet the above requirements, nor has he shown he can meet his burden of proof. Although appellant seeks DNA testing, he urges no grounds demonstrating that he is entitled to testing or that testing is warranted in his case. Appellant does not contend that he can establish by a preponderance of the evidence that he would not have been convicted if exculpatory results were obtained through DNA testing. Because he has not adequately alleged any viable cause of action, appellant's suit has therefore no arguable basis in law or fact for the relief sought. Accordingly, we conclude that the trial court did not abuse its discretion when it dismissed appellant's suit as frivolous. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2), (b)(2).

4

*Application of Vexatious Litigant Statute*

Chapter 11 of the Texas Civil Practice and Remedies Code provides a mechanism for restricting frivolous and vexatious litigation. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 11.001-.104 (West 2002 & Supp. 2007). When Chapter 11 was enacted, the legislature sought to strike a balance between a citizen's right of access to courts and the public interest in protecting defendants from those who abuse the civil justice system by systematically filing lawsuits with little or no merit. *Leonard v. Abbott*, 171 S.W.3d 451, 455 (Tex. App.—Austin 2005, pet. denied); *see also Harris v. Rose*, 204 S.W.3d 903, 906 (Tex. App.—Dallas 2006, no pet.); *Willms*, 190 S.W.3d at 804. This chapter provides, in pertinent part, that a court may find a plaintiff is a vexatious litigant if: (1) the defendant shows that there is a reasonable probability that the plaintiff will not prevail in the litigation, and plaintiff, acting *pro se*, has prosecuted, maintained, or commenced at least five other litigations that have been determined adversely to him within the seven-year period preceding the motion, or (2) the plaintiff has previously been declared to be a vexatious litigant by a state or federal court in an action or proceeding based on the same or substantially similar facts. Tex. Civ. Prac. & Rem. Code Ann. § 11.054(1), (3). The trial court found appellant to be a vexatious litigant, and appellant does not challenge this finding on appeal.

We find ourselves at the end of a long list of cases, many emanating from appellant's 1991 conviction, and others, including a petition for a name change in 2007, relating to the consequences of his conviction.[1] By 2003, appellant had already sustained the "three strikes," that

---

[1] Appellant was required to register as a sex offender and evidently failed to do so. *See Minnfee v. Dretke*, No. 2:04-CV-0327, 2005 U.S. Dist. LEXIS 226, at *2 (N.D. Tex. Jan. 6, 2005) (report and recommendation of magistrate judge), *adopted by* 2005 U.S. Dist. LEXIS 850 (N.D. Tex.

is, dismissals that fulfilled the "three strikes" provision of the federal Prison Litigation Reform Act of 1995, *see* 28 U.S.C. § 1915(g) (2006), barring from further proceedings any prisoner who had three prior actions or appeals, brought during detention, dismissed as frivolous, malicious, or for failure to state a claim. *See, e.g.*, *Minnfee v. Simpson*, No. 2:03-CV-0250, 2003 U.S. Dist. LEXIS 22040, at *2 (N.D. Tex. Dec. 9, 2003) (memorandum opinion, order of dismissal and sanction); *Minnfee v. Neal*, No. 2:03-CV-0210, 2003 U.S. Dist. LEXIS 12686, at *2 (N.D. Tex. July 23, 2003) (memorandum opinion and order of dismissal); *Minnfee v. Weaver*, No. 2:03-CV-0204, 2003 U.S. Dist. LEXIS 12624, at *2 (N.D. Tex. July 23, 2003) (same); *see also Minnfee v. King*, No. 3:03-CV-1311-D, 2003 U.S. Dist. LEXIS 11679, at *1 (N.D. Tex. July 9, 2003) (order adopting magistrate recommendation of dismissal). No appeals were taken from these dismissals.

After these dismissals, appellant began filing his challenges to his Texas conviction and ancillary litigation in various federal courts. *See, e.g.*, *Minnfee v. Perry*, No. 07-2194, 2007 U.S. Dist. LEXIS 88971, at *1 (D.D.C. Dec. 5, 2007) (order of dismissal for lack of jurisdiction); *Minnfee v. Associate Att'y Gen.*, No. C07-5517RBL, 2007 U.S. Dist. LEXIS 87244, at *1 (W.D. Wash. Nov. 26, 2007) (order dismissing habeas petition for lack of venue); *Minnfee v. Associate Att'y Gen.*, No. C07-399-JCC, 2007 U.S. Dist. LEXIS 31887, at *1-2 (W.D. Wash. May 1, 2007) (order of dismissal); *Minnfee v. Quarterman*, No. 2:07-CV-0061, 2007 U.S. Dist. LEXIS 27963, at *1 (N.D. Tex. Apr. 13, 2007) (order dismissing habeas petition for lack of jurisdiction); *Minnfee v. Quarterman*, No. 2:07-CV-0061, 2007 U.S. Dist. LEXIS 27955, at *5-6 (N.D. Tex. Apr. 3, 2007)

Jan. 19, 2005) (order adopting magistrate judge's recommendation and dismissing petition for writ of habeas corpus).

(recommendation to dismiss successive habeas petition); *Minnfee v. Jones*, No. C07-0200-JLR, 2007 U.S. Dist. LEXIS 20543, at *1 (W.D. Wash. Mar. 13, 2007) (order adopting magistrate recommendation of dismissal);[2] *Minnfee v. Jones*, No. C07-0200-JLR, 2007 U.S. Dist. LEXIS 20545, at *1-3 (W.D. Wash. Feb. 21, 2007) (recommendation to dismiss complaint); *Minnfee v. Dretke*, No. 2:03-CV-0029, 2004 U.S. Dist. LEXIS 24605, at *1 (N.D. Tex. Dec. 6, 2004) (recommending dismissal of habeas petition for DNA testing). And there are others. Appellant has not prevailed in a single case. He has been barred from filing actions in the Northern District of Texas without first obtaining leave from the court because of the frivolous nature of his lawsuits and his refusal to pay various monetary sanctions imposed on him by the federal courts. *See, e.g.*, *Minnfee*, 2003 U.S. Dist. LEXIS 22040, at *3-4.

Based upon our review of the record, we cannot conclude that the trial court abused its discretion when it found that appellant was a vexatious litigant. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.054. Appellant was not likely to prevail in the underlying litigation, having failed to adequately assert any cause of action or any basis for obtaining post-conviction DNA forensic testing or demonstrating that he could carry his burden of proof on any of the requirements of the statute. *See id.* Within the seven-year period preceding defendants' motion to declare appellant a vexatious litigant, appellant had prosecuted *in propria persona* at least five litigations finally determined adversely against him and determined to be groundless. *See id.* § 11.054(1). Yet even after several of appellant's suits have been finally determined adversely to appellant, he continues to file

---

[2] Here, the federal court observed that appellant had not adequately alleged any viable cause of action and that "it appears the only reason [appellant] filed the instant action in this District is to circumvent filing restrictions imposed by other federal district courts."

additional suits involving the same facts, claims, or controversies previously determined against him. *See id.* § 11.054(2)(B).  Finding no abuse of discretion, we resolve appellant's issue against him.

## CONCLUSION

Having overruled appellant's issue, we affirm the trial court's order of dismissal and declaration that appellant is a vexatious litigant.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:   March 13, 2008

8